Rayford V. PRYOR, Jr.,
Plaintiff-Appellant,

v.

U.S. POSTAL SERVICE, et al.,
Defendants-Appellees.

No. 84-2606
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1985.

Rayford V. Pryor, Jr., pro se.

Henry K. Oncken, U.S. Atty., Hays Jenkins, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., for U.S. Postal Service.

Before CLARK, Chief Judge, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Following the dismissal of appellant's Title VII discrimination suit with prejudice for want of prosecution, appellant's "Motion to Retain on Docket" was denied for want of timely filing. We affirm.

## PROCEEDINGS BELOW

On August 4, 1983, appellant Rayford V. Pryor, Jr. filed the original complaint in this action, alleging racial discrimination by his employer, appellee U.S. Postal Service, in violation of Title VII, 42 U.S.C. § 2000e *et seq.* On October 4, 1983, appellee moved to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(1), (2), (5) and (6), for lack of sufficient service of process on the appellee, for having named improper party-defendants, and for failing to state a claim upon which relief could be granted with respect to at least some of the complaint's allegations. On October 17, 1983, the trial court gave notice of setting of a November 4, 1983 motion conference by certified mail to the parties, with a response from appellant due on October 28. Appellant's counsel made no response.

Neither appellant nor his counsel appeared at the November 4 motion conference, nor did they seek any continuance or otherwise notify the court before or timely after the conference that they would be absent or of the reasons for their absence. The district court on November 4, 1983 entered an order of dismissal with prejudice for want of prosecution, and taxed costs to appellant. *See* Fed.R.Civ.P. 41(b), (d). Per special instructions by the court, the clerk of the court notified both appellant's counsel and appellant himself of the dismissal order. Appellant received his notice of dismissal on November 18, and responded with a letter to the district court expressing his concern. On brief, appellant indicates that he was reassured by his counsel that the matter would be reinstated, and that he "continued to entrust" the matter to counsel. He made no subsequent inquiries of the court, nor, apparently, personally pursued the matter any further.

On January 5, 1984, the clerk of the court returned to appellant's counsel a motion denominated "Motion to Retain on the Docket," for lack of a certificate of service and a statement of opposition as required by local rules. On this same day, the clerk of the court also returned appellant's "Amended Complaint" for want of signature of counsel. *See* Fed.R.Civ.P. 11. On January 13, appellee filed a response to appellant's Motion to Retain, apparently as a result of having received a copy of the motion that the clerk had returned to appellant on January 5. On January 27, the clerk returned yet another "Amended Com-

plaint" to appellant's counsel, noting that such complaint could not be filed until and unless the suit actually had been retained on the docket.

On January 30, appellant's counsel again filed a "Motion to Retain on the Docket"[1] and an "Amended Complaint."[2] No further activity is noted in the record until March 2, when appellant's counsel filed what was denominated "Response to Plaintiff's Motion for Reconsideration and Retention on the Docket." This document repeated almost verbatim the language of appellant's January 30 Motion to Retain, and amplified that motion with the explanation:

"On December 29, 1983, Plaintiff through his attorney of record filed an Amended Complaint which responded to Defendant's motion to dismiss.

"....

"Counsel for plaintiff did appear [sic] for the scheduled hearing on November 4th 1983, but he was scheduled for a hearing at the same time 9:00 a.m. in 246th Family State District Court. Counsel for Plaintiff called Judge James DeAnda's court but was unable to reach the clerk of the court due to the line being busy, and at another time no one answered the phone.

"....

"The specifice reason why Plaintiff was not represented at the November 4, 1983 motion hearing was due to Plaintiff's attorney was scheduled to be in a State District Court for a hearing at the same time which is a basis for a finding of excusable neglect. The reason for the two (2) months delay in filing the Motion to Retain on the Docket was due primarily to Plaintiff's attorney heavy civil trial

settings in the State District Court, and the taking of depositions in and out of state, therefore providing the basis for a finding of execusable neglect."

No specific facts in support of these assertions were given to justify appellant's failure to appear at the November 4 motion conference or to explain the delay in filing the Motion to Retain.

On August 24, 1984, the court gave notice of a setting for a motion conference. That conference was held on September 26, at which time the court denied appellant's Motion to Retain on the Docket "because it is not timely and the Court has no jurisdiction." On October 19, appellant *pro se* filed what he denominated "Appeal of Order of Dismissal of Plaintiff's Motion and Memorandum to Reinstate and Retain on Docket," which arguably encompasses an attempted appeal of the November 4 judgment of dismissal and an appeal from the subsequent denial on September 26 of appellant's Motion to Retain.

## APPEAL OF JUDGMENT OF DISMISSAL

■ A notice of appeal from a final judgment must be filed within the time limitations embodied in Fed.R.App.P. 4(a) and 28 U.S.C. section 2107. In this case, because the government was a party, the appropriate appeals period was sixty days. Adherence to this time limitation is mandatory and jurisdictional. *Browder v. Director, Dept. of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Phillips v. Insurance Company of North America,* 633 F.2d 1165, 1166 (5th Cir.1981). No motion for alteration or amendment of the judgment or for a new trial under Fed.R.Civ.P. 59

---

**1.** No reason for appellant's counsel's failure to appear at the November 4 motion conference was offered in this motion, which stated in pertinent part only that:

"Movant is desirous of having matter heard. Service of process was issued upon the Defendant within sixty (60) days of filing this action. Good cause exists why the above styled and numbered cause should not be dismissed for want of prosecution in that

your Movant does not intend to abandon the prosecution of said cause. Further, your Movant will exercise all due, reasonable and sufficient diligence in the prosecution of this cause of action. Movant is desirous of having this matter heard by the court on the merits."

**2.** The record contains no indication of any order authorizing the filing of this "amended complaint." *See* Fed.R.Civ.P. 15(a).

was filed within the 10-day period specified therein.[3] Nor did appellant file with the district court within thirty days of the running of the normal time for appeal any request for an extension of time in which to file an appeal on grounds of excusable neglect, as authorized by Fed.R.App.P. 4(a)(5). The appellate court has no authority to extend this time. *Reynolds v. Hunt Oil Co.*, 643 F.2d 1042 (5th Cir.1981); Fed. R.App.P. 26(b).

■ More than sixty days had elapsed from the date of judgment, November 4, 1983, until a motion had been filed successfully on January 30, 1984. Thus, this Court is without jurisdiction to hear an appeal of the district court's November 4, 1983 dismissal of the suit with prejudice. Consequently, insofar as appellant's "Appeal of Order" dated October 19, 1984 may purport to raise an appeal of the November 4, 1983 order of dismissal, that appeal is dismissed for lack of jurisdiction.

## APPEAL OF DENIAL OF MOTION TO RETAIN

### Characterization of Motion

We turn now to consideration of the denial of appellant's Motion to Retain. At the outset, we note some uncertainty as to the character of this motion. Neither the January 30 "Motion" nor the March 2 "Response" refer to any of the Federal Rules of Civil Procedure, or to the titles or classifications of motions recognized therein. While these filings apparently seek relief appropriate to a Rule 59(e) motion to alter or amend a judgment (or perhaps a Rule 59(b) motion for new trial), they also can be said to seek relief from the judgment of dismissal on alleged grounds of excusable neglect, as befits a Rule 60(b)(1) motion. Because of our disposition of this appeal, however, we need not reach a definitive

characterization, beyond noting that appellant's filings failed as a Rule 59(e) (or Rule 59(b)) motion because they were filed more than ten days post-judgment. For the purposes of this appeal, therefore, we will assume *arguendo* that appellant's January 30 "Motion to Retain on the Docket", and his March 2 "Response," were each a Rule 60(b)(1) motion.

The district court's order of September 26, 1984, denying "Plaintiff's motion to retain the case on the docket" fails to specify which of appellant's filings the order purports to deny. Appellant's Motion to Retain, filed on January 30, 1984, and appellant's "Response," filed March 2, 1984, which involve identical subject matter, were both arguably before the court. Appellant characterizes his March 2 "Response" as a request to the district court to reinstate his civil action to the docket, clearly considering it to be a motion in that respect. Nonetheless, it is unclear from the contents of this "Response" whether it was intended to be a motion in and of itself, as its introductory wording would indicate, or perhaps an amended motion, or whether it was merely a memorandum filed in support of the January 30 motion. Because the disposition of this appeal does not ultimately depend upon this classification, we will treat both of these filings, without determinative labels, as having been before the district court; they both pertain to the same subject matter, seek the same relief, and offer the same supporting rationale. We hence turn to consideration of these filings as a Fed.R.Civ.P. 60(b) motion for relief, as appellant, now *pro se*, apparently urges us to do.

### Rule 60(b)

■ Appellant asserts that his counsel's negligence or inadvertence ought not be attributed to him in so prejudicial and final a fashion. Appellant correctly notes that

---

**3.** The filing of such a motion would have caused the time for notice of appeal to commence to run from the time of the denial of the motion for new trial or the granting or denying of the motion to alter or amend the judgment. Fed.R. App.P. 4(a)(4). However, the filing of even a timely Fed.R.Civ.P. 60(b) motion for relief from

a judgment does not toll the running of the appeals period. *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Hardy v. St. Paul Fire & Marine Ins. Co.*, 599 F.2d 628, 629 (5th Cir.1979).

this Circuit's case law demands generally that lesser sanctions be first imposed, or that the record of disregard of the court's orders and scheduling be such as to constitute a clear and unequivocal record of dilatoriness or contumaciousness. *See, e.g., Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir.1985); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982). Appellant asserts such a record to be lacking here, so that dismissal with prejudice works too harsh a penalty and constitutes an abuse of the district court's discretion. Appellant's claims raise the issue of whether the district court made what might fairly be termed a legal mistake when it dismissed appellant's suit with prejudice without first having imposed less severe sanctions. Were appellant's claims timely raised on direct appeal, we might be sympathetically inclined to reverse on the merits and remand with order to reinstate. *See Rogers*, 669 F.2d at 321–22. The dismissal itself is not here appealed, however, as we have indicated. Rather, this appeal is taken from the district court's denial of relief under the "Motion to Reinstate," which we here treat as if it had been a Rule 60(b) motion for relief from the judgment of dismissal. "However persuasive the plaintiffs' assertions of legal error might have been on a direct appeal, timely taken, our review of the plaintiffs' appeal in its present procedural posture is strictly limited to determining whether the district court's denial of the Rule 60(b) motion constituted an abuse of discretion." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 694 (5th Cir.1983) (citations omitted).

### Scope of Review

■ Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief. *See Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir.1984); *Vela v. Western Electric Co.*, 709 F.2d 375, 377 (5th Cir.1983); *Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir. 1976); *cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 635–36, 82 S.Ct. 1386, 1391, 8 L.Ed.2d 734 (1962).

This Court has also repeatedly and firmly held that Rule 60(b) cannot be used to extend the time for appeal. *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730 (5th Cir.1984) (denial of Rule 60(b) motion to have default judgment set aside, where motion was filed only after the thirty day appeals period had expired); *United States v. O'Neil*, 709 F.2d 361, 372 (5th Cir.1983) ("a Rule 60(b) motion may not substitute for a timely appeal"); *Chick Kam Choo*, 699 F.2d at 696 (Rule 60(b) never intended to provide "a means for postponing or escaping that [appeals time period] expiration."); *United States v. 329.-73 Acres of Land*, 695 F.2d 922, 925 (5th Cir.1983); *Alvestad v. Monsanto Co.*, 671 F.2d 908, 912 (5th Cir.), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982).

We have also held that Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal. *Ta Chi Navigation (Panama) Corp. S.A. v. United States*, 728 F.2d 699, 703 (5th Cir.1984) ("a Rule 60(b) appeal may not be used as a substitute for the ordinary process of appeal ... particularly ... where, as here, a mistake of law is alleged as the primary ground of the appeal."); *Chick Kam Choo*, 699 F.2d at 695 (mistake of law should have been urged on direct appeal, not by Rule 60(b) motion); *Gary v. State of Louisiana*, 622 F.2d 804, 805 (5th Cir.1980) (application of improper legal standard should have been raised on direct appeal); 11 Wright & Miller, *Federal Practice and Procedure* § 2864 at 214–15; 7 Moore, *Federal Practice* ¶ 60.27[1] at 348.

■ Fidelity to the foregoing principles necessarily requires that our review of denial of Rule 60(b) relief be meaningfully narrower than would our review on direct appeal of the underlying order from which relief was sought by the Rule 60(b) motion. *See Vela v. Western Electric Company*, 709 F.2d 375 at 376 (5th Cir.1983).

## Appellant's Showing

■ While Rule 60(b)(1) allows relief for "mistake, inadvertence ... or excusable neglect," these terms are not wholly open-ended. "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." 11 Wright & Miller, *Federal Practice and Procedure* § 2858 at 170 (footnotes omitted). This Court has pointedly announced that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in "unique circumstances." *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir.) (en banc), *cert. dism'd*, — U.S. ——, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984). We specifically rejected the method of extending the time for appeal by vacating and re-entering judgments in order to accommodate a party that has not received actual notice of the entry of judgment. *Id.*, 725 F.2d at 258.

There is no indication in the record that appellant's counsel made any attempt to contact the district court in timely fashion upon discovery of the alleged scheduling conflict with a state court appearance that he claims caused his absence from the November 4 motion conference, or that he timely sought a continuance. Nor is there any indication that counsel subsequently made any effort to contact the court to explain his absence until almost two months later, when the record reveals that a motion was returned on January 5, 1984 for lack of a certificate of service and a statement of opposition, both required by local rules. Counsel then waited nearly another month before effectuating filing of a "Motion to Retain on the Docket" on January 30. Even then, however, he neither recited any facts nor offered any reasons—even of a conclusory nature—for his absence from the motion conference (or for the subsequent delay in bringing the matter before the court). He merely asserted that appellant "is desirous of having this matter reconsidered for hearing by the court on the merits" and that "[g]ood cause exists why the [suit] should not be dismissed ... in that [appellant] does not intend to abandon the prosecution of said cause." It was not until his March 2 "Response" that counsel offered anything approaching a reason for his unexcused absence from the motion conference, and then the "Response" recites only that counsel attempted on two (unspecified) occasions to telephone the court, but that the telephone was either busy or went unanswered. No factual particulars are offered in substantiation, such as dates or times of day. No reason is suggested why these efforts were not further pursued or others undertaken. Counsel explains his post-November 4 dilatory handling of the matter by a factually unsubstantiated general assertion that he was too busy with depositions "in and out of state" and with "heavy civil trial settings in the State District Court."[4] We have expressly held that conflicts in scheduling do not provide sufficient excuse to warrant relief under Rule 60(b)(1). *See, e.g., Ad West Marketing, Inc. v. Hayes*, 745 F.2d 980, 984–85 (5th Cir.1984). Given this history, the absence of compelling or extraordinary circumstances, and our limited scope of review of the denial of Rule 60(b) relief, we are unwilling to reverse the trial court's denial of relief.

## Timeliness

■ Even where there exist extraordinary circumstances which might justify granting Rule 60(b) relief, the Rule nonetheless requires that such motion be made "within a reasonable time." But where, as here, the motion itself recites no acceptable excuse for counsel's failure to appear at a scheduled conference; where it fails to offer any legally sufficient excuse for its own lateness, the January 30 "Motion to Retain" having been filed nearly three months after the dismissal of the suit; and where the March 2 supporting memorandum (or motion) that purports to offer grounds of excusable neglect appropriate for Rule 60(b)(1) relief was filed yet another month

---

4. Appellant's counsel also recites that on February 27 he set up a meeting on March 2 with the Assistant United States Attorney "in compliance with Local Rule 14A." This furnishes no material aid in justifying the dilatory pursuit of this matter.

later, we cannot conclude that such filings were themselves timely within the meaning of the Rule's requirement.[5]

In *Silas v. Sears, Roebuck & Company, Inc.,* 586 F.2d 382 (5th Cir.1978), upon which appellant relies, this Court granted relief on the basis of a Rule 60(b) motion, where the district court had dismissed the cause with prejudice for counsel's failures to appear at a pretrial conference and to prepare court-ordered pretrial stipulations. We predicated relief on the grounds that, absent a convincing record of dilatoriness or contumaciousness, it was an abuse of the trial court's discretion to impose the ultimately harsh sanction of dismissal with prejudice, without having first employed lesser sanctions. *Id.* at 385–86. But in that case, the Rule 60(b) motion had been filed within the statutory period for postjudgment appeal, a point which was of significant importance in this Court's determination to recognize the Rule 60(b) motion for relief. *Id.* at 386.

We believe the rule implicit in *Silas* to be a sound one. Before us, however, is a case where a Rule 60(b) motion was filed well after the expiration of the normal appeals period, and where no good cause has been offered in that motion or is otherwise apparent for its not having been sooner filed. Nothing which the court, or clerk, or the opposite party did or failed to do contributed to the delay in seeking Rule 60(b) relief (or the failure to timely appeal); nor was there any other good cause for such delay. The issues raised in the motion were extant at the time of judgment, and concern only matters implicated on the face of that judgment, and which are, therefore, subject to review on direct appeal. The bases on which relief was sought under Rule 60(b) were known well within time to appeal, as was the existence of the challenged order.

At least where such a situation obtains, the usual time period for direct appeal presumptively delimits, as a matter of law, the "reasonable time" contemplated by Rule 60(b); no extraordinary reason justifying a contrary result appears here. Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless. Accordingly, we hold that appellant's motion was untimely.

### Default of Counsel

 Appellant on brief urges that it is unfair that he will be deprived of his day in court solely because of the mistakes and omissions of an indifferent counsel. But it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, *see, e.g., Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 1390 & n. 10, 8 L.Ed.2d 734 (1962), no matter how "unfair" this on occasion may seem. This is especially true where the timeliness of postjudgment filings is concerned, in part because the rule requiring timely notice of appeal is jurisdictional, and in part because of the need that a clear, objective line of finality be drawn with reliable definiteness at some point in time. In this area, at least, appellant may not escape the deficiencies of his chosen legal counsel merely by urging that he was personally uninformed of the state of matters before the court. *Cf. Wilson v. Atwood Group, supra.*[6]

Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and

---

**5.** Even where a movant satisfies this timeliness requirement, it is, of course, still incumbent upon him to make the necessary showing that there are unique or sufficiently unusual circumstances that justify the relief sought under the Rule.

**6.** Nor is such a position entirely credible, where, as here, appellant is not a novice to legal proceedings and where, as here, he received actual notice of the November 4 dismissal order. We note that appellant has previously been involved in other lawsuits, also dismissed for want of prosecution. *Pryor v. U.S. Postal Service,* No. 11–79–888 (S.D.Tex.) (dism'd Sept. 19, 1979); *Pryor v. U.S. Postal Service,* No. 11–77–563 (S.D. Tex.) (dism'd Feb. 15, 1984).

meaningful finality of judgment would largely disappear. Far more disproportionate penalties have been suffered for far less egregious violations of our rules of procedure. *See, e.g., Hunt v. BP Exploration Company (Libya) Ltd.,* 756 F.2d 880 (5th Cir.1985) (Summary Calendar, unpublished) (simple error in calculation of duration of appeals period resulting in one-day late filing of notice of appeal, disqualifying appeal from $40 million judgment, insufficient grounds for Rule 60(b) relief); *Henry v. Estelle,* 688 F.2d 407 (5th Cir.1982) (six-day late notice of appeal by *pro se* petitioner bars review of denial of habeas corpus; certificate of probable cause does not substitute for unrequested extension under Fed.R.App.P. 4(a)(5)); *Birl v. Estelle,* 660 F.2d 592 (5th Cir.1981) (two-day late notice of appeal bars review of denial of habeas corpus; *pro se* status does not justify district court's finding of excusable neglect appropriate to Fed.R.App.P. Rule 4(a) prior to 1979 amendment); *Wyzik v. Employee Benefit Plan of Crane Co.,* 663 F.2d 348 (1st Cir.1981) (per curiam) (appeal notice filed one day late wholly ineffective). While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted in *Link,* is to seek malpractice damages from the attorney. 82 S.Ct. at 1390 n. 10.

## CONCLUSION

For the foregoing reasons, we dismiss the purported appeal from the November 4, 1983 judgment, and we affirm the September 26, 1984 judgment of the district court denying appellant's "Motion to Retain."

DISMISSED IN PART; AFFIRMED IN PART.