**H. WILLIAMSON, Jr., et al**

v.

**Carlo P. ROPPOLLO, et al.**

**No. 89–1647.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division,
Section O.

May 1, 1990.

J. Patrick Hennessy, Peters, Ward, Bright & Hennessy, Shreveport, La., and Stephen F. Chiccarelli, Victor A. Sachse, III, Breazeale, Sachse & Wilson, Baton

Rouge, La., for H. Williamson, Jr., Hurley Petroleum Corp.

Edwin W. Edwards, Baton Rouge, La., for William L. Hawkins.

Barry W. Miller, Beychok, Miller & Freeman, Baton Rouge, La., for Carlo P. Roppollo, Jr.

John A. Mouton, III, and James J. Davidson, III, Davidson, Meaux, Sonnier & McElligott, and Jeffrey Ackermann, Durio, McGoffin & Stagg, Lafayette, La., for D. Creig Brignac, Power Rig Drlg Co., Inc. Pioneer Pipe & Supply, Inc.

Paul N. Debaillon, Debaillon, Debaillon & Kahn, Lafayette, La., pro se.

Patrick W. Gray, Liskow & Lewis, Lafayette, La., for Oryx Energy Co.

Littlefield Baker, Lafayette, La., pro se.

William E. O'Connor, Trustee, U.S. Bankruptcy Court, Shreveport, La.

## RULING

SHAW, District Judge.

These three appeals deal with the propriety of the bankruptcy court's appointment of an examiner with "expanded powers," who has been allowed to pursue adversary complaints. The Court GRANTS leave to appeal, but for the following reasons, relief is DENIED on all three appeals.

In Civil Action No. 89–1647, appellants, Hurley Petroleum Corporation, H. Williamson, Jr., and William L. Hawkins, appeal a July 7 order entered in the chapter 11 bankruptcy case of Carlo P. Roppolo, Jr. (no. 89–00692–11), appointing an examiner with special powers. Appellees are the examiner, Paul N. Debaillon, and three creditors who instituted the involuntary bankruptcy petition of Roppolo, namely, C. Creig Brignac, Jr., Pioneer Pipe & Supply, Inc., and Power Rig Drilling Company.

Civil Action No. 89–1860 is the appeal by the same appellants of a minute entry in adversary proceeding no. 89–50029, denying relief from the order appointing the examiner with expanded powers, denying an extension of time to appeal, and denying a Rule 12 motion to dismiss based on lack of standing of the examiner.

In Civil Action No. 89–2116, the same appellants appeal an order in the adversary proceeding substituting the examiner as party-plaintiff in lieu of three creditors who initiated the suit.

## APPOINTMENT OF EXAMINER WITH EXPANDED POWERS (C.A. No. 89–1647).

This appeal is based on appellants' contention that the order appointing the examiner, obtained on the motion by appellees, was signed improperly *ex parte* and without prior notice, and that in any case the power to prosecute avoidance actions is beyond the authority of an examiner.

*Adequacy of notice.* On July 3, Judge Boe set the motion to appoint a trustee or examiner for hearing on July 7, and provided for immediate telephonic notice to the proposed trustee or examiner named in the motion, the moving party, and the debtor's attorney.

The bankruptcy court, relying on mover's representation that opposing counsel consented to an order appointing an examiner with expanded powers in lieu of a trustee, entered such a "stipulated order" July 7, with modifications entered on the order pertaining only to the U.S. Trustee. Appellants later sought relief from this order via a motion filed in the adversary proceeding for relief from order under Rule 60 and Bankr.Rule 9024 (referencing Rule 60). (Denial of relief from the order is the subject of the second appeal, discussed hereinafter.)

Appellants obviously had notice of the motion for relief (since it was theirs, and their attorney filed notice of the hearing). The court held a full hearing with argument and considered the affidavits pertaining to notice and consent (*see* exhibits attached to opposition memorandum, item 20 attached to clerk's certificate in Civil Action No. 89–1860) before denying the motion for relief in its entirety. Although the bankruptcy court did not make a finding as to the adequacy of the notice of the July 7 hearing, the opportunity to be heard and notice were nevertheless adequate at the full reconsideration of the July 7 order,

curing any alleged defects in the initial notice.

*Authority of an Examiner.* Appellants alternatively urge that the bankruptcy court improperly expanded the examiner's powers to include powers reserved for the trustee. Under the Code an examiner shall perform "duties" of the trustee specified in section 1106(a)(3) and (4), and, "except to the extent that the court orders otherwise, any other duties of the trustee that the court orders the debtor-in-possession not to perform." *See* 11 U.S.C. sec. 1106(b).

The specified duties are investigating and reporting to the creditors' committee and the court about the debtor's conduct and financial condition. Appellants urge that such "duties" are to be distinguished from "powers" of the trustee, and that an examiner cannot usurp a trustee's "power" to institute adversary proceedings, as suggested in Collier para. 1106.02[5] (15th ed. 1989).

The legislative history notes, however, that "The Court is authorized to give the examiner additional duties as the circumstances warrant." H.R.Rept. No. 595, 95th Cong. 1st Sess. 404 (1977); Rept. No. 989, 95th Cong. 2d Sess. 116 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5902, 6360. Moreover, a primary responsibility of a trustee is to collect and reduce to money the assets of the estate. 11 U.S.C. sec. 704(1). The Court therefore concludes that the "power" to sue to recover preferences or fraudulent conveyances may properly be given to an examiner to enable him to fulfill the "duty" to recover assets.

In this instance the bankruptcy court did not order the debtor-in-possession not to perform the duty of collecting assets (*see* 11 U.S.C. sec. 1106(b)), but the court was advised that the debtor-in-possession would not in fact fulfill that duty. The motion for appointment of a trustee or examiner represented, *inter alia,* that the case was commenced as an involuntary case and was converted to chapter 11, displacing the trustee, that movers believed that the debtor-in-possession would not pursue actions which were about to prescribe against certain insiders and possibly other individuals, and that the debtor may have maintained multiple corporations to segregate liabilities from assets. Appointment of a trustee would have forced debtor's management out of office. A creditors' committee had not yet been formed. Under such extraordinary circumstances, it was appropriate for the bankruptcy court to empower the examiner to institute proceedings to attempt recovery of assets of the estate.

Appointment of an examiner with such duties (or powers) is not without precedent (*see, e.g., In re Carnegie Int'l Corp.,* 51 B.R. 252, 254–57 (Bankr.S.D.Ind.1984)). Appellees have not pursuaded this Court that any controlling authority mandates a contrary ruling in this case, including *L.W.E. v. Fed. Ins. Co.,* 858 F.2d 233 (5th Cir.1988) (providing for assertion of causes of action against corporate insiders by a creditors' committee when debtor-in-possession is recalcitrant). Accordingly, this Court will affirm the bankruptcy court's decision.

## DENIAL OF MOTION TO DISMISS, FOR RELIEF FROM ORDERS, AND FOR EXTENSION OF TIME FOR APPEAL (C.A. No. 89–1860).

On July 17, appellants moved the bankruptcy court to dismiss the adversary proceeding for lack of standing of the examiner, for additional time to appeal a June 9 order, or for relief from the orders allowing the creditors to file the adversary proceeding appointing the examiner. All three requests were denied.

*Motion to dismiss the adversary proceeding.* The bankruptcy court denied this motion filed under Rule 12 and Bankr.Rule 7012. The motion asked for dismissal based on the contention that neither the creditor/plaintiffs nor the examiner has standing to bring the suit. As to dismissal based on lack of standing of the creditors, Rule 17 prevents dismissal "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...." Fed.R.Civ.P. 17(a), last sentence.

"This provision reflects the general policy of the draftsmen of the federal rules

that the choice of a party at the pleading stage ought not have to be made at the risk of final dismissal of the action should it later appear that there had been an error." C. Wright, A. Miller & M. Kane, 6A Fed. Pract. & Proc. sec. 1555 (2d ed. 1990). Accordingly, the substitution of the examiner as party plaintiff renders the objection to the creditors' standing moot. *See* Bankr. Rule 7017 and Fed.R.Civ.P. 17(a).

Considering that the examiner was properly appointed (as set forth above), and properly substituted as plaintiff (as discussed below), the order denying the motion to dismiss based on lack of standing of the examiner is affirmed.

*Motion for extension of time to appeal.* A June 9 order allowed the three creditor-appellees to initiate suit on behalf of the debtor-in-possession and any trustee which may be appointed (Item 5, attached to Clerk's certificate filed 8–2–89 in Civ. Action No. 89–1647).

Ten days elapsed from entry of the June 9 order, with no appeal, motion for reconsideration, or motion for extension of time having been filed or noticed.[1]

Generally a notice of appeal or request for extension of time within which to notice an appeal must be filed within 10 days of entry of the order appealed. Bankr.Rules 8002(a), first sentence and 8002(c), second sentence. A motion for extension of time to appeal filed within 20 days beyond the 10–day period can be granted "upon a showing of excusable neglect." Bankr. Rule 8002(c), second sentence. The bankruptcy court found no excusable neglect on the basis of the moving papers and the hearing on the motion for relief (Tr. July 7, item 22, pp. 7–17). This Court affirms the finding of the bankruptcy court in this regard.

The filing of the Rule 60 motion for relief is not one of the motions enumerated in Rule 8002(b) (such as a motion for new trial) which prolongs the time to appeal till the entry of the order denying the motion.

A party cannot circumvent time limitations for appeal by filing a Rule 60 motion. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 285 n. 3 (5th Cir.1985). The result is that the June 9 order allowing the three creditor-appellees to initiate suit is not timely appealed.

*Motion for Relief from Orders.* This aspect of the motion asked for recall of the June 9 order allowing creditors to sue and the July 7 order authorizing the examiner to pursue the action. The motion relied on Fed.R.Civ.P. 60, adopted in part by Bankr. Rule 9024. The standard of review of denial of a Rule 60 motion is whether the court below abused its discretion. *See, e.g. Pryor*, 769 F.2d at 286. No abuse of discretion occurred. Rule 60 allows relief from an order if it is "void" or for "excusable neglect." No excusable neglect was shown to justify relief from either order. Nor did movers show that the orders are "void." The argument that the bankruptcy court cannot grant the examiner or creditors authority to prosecute actions is an argument that the orders are erroneous, not void. *See generally*, C. Wright & A. Miller, 11 Fed.Pract. & Proc. sec. 2862. The Court also finds that the procedure followed in the bankruptcy court provided ample opportunity to be heard sufficient to satisfy due process. Accordingly, this Court finds no error in denial of the motion for relief under Rule 60.

Accordingly, the bankruptcy court's order denying the motion to dismiss, motion for relief from orders, and motion for extension of time is AFFIRMED.

### SUBSTITUTION OF EXAMINER AS PARTY PLAINTIFF (C.A. No. 89–2116).

Appellants' objection to the examiner's motion to substitute himself as party plaintiff in the adversary proceeding was overruled and is now appealed. The original grounds for the objection were (1) that Bankr.Rule 2012's provision for automatic substitution does not apply, so a hearing is

---

1. Appellants' consolidated brief seems to indicate that the ruling on the motion for extension of time to appeal the June 9 order is not appealed, yet appellants brief the issue of the creditors' power to institute adversary proceedings (*cf.* brief, pp. 5–6 and 6–9). To avoid revisiting this question at a later date, the Court will review denial of the motion for extension of time.

required; (2) that the substitution is not permitted by Bankr.Rule 7025 (Fed.R. Civ.P. 25); and (3) that an examiner may not prosecute avoidance actions.

This Court agrees with the bankruptcy court's order rejecting the first two objections. (*See generally* Order with Reasons, Item No. 15 appended to Clerk's Certificate filed 10/04/89 in C.A. No. 89–2116.) While neither Rule addresses the specific situation presented by the motion, neither Rule disallows the substitution. Moreover, the Court finds from the records of these three appeals that the objecting parties had ample opportunity to be heard on their objections, even though a hearing was not held in open court. "Hearing" only contemplates "such opportunity for a hearing as is appropriate in the particular circumstances." *See* 11 U.S.C. sec. 102(1).

Appellants also emphasize the third objection on appeal, *i.e.*, that such a substitution is beyond the authority given to examiners. For the reasons set forth above (regarding Civil Action No. 89–1647), this argument fails on appeal.

In accordance with the foregoing, judgment will be entered denying relief on all three appeals. The June 9 order allowing the three creditor-appellees to initiate suit has not been timely appealed. The appeal of the motion to dismiss based on lack of standing of the creditors is MOOT. The remaining bankruptcy court orders are hereby

AFFIRMED.