**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60429

Summary Calendar

Gerald M. Thomas,

Plaintiff-Appellant,

VERSUS

United Beverage/Gulf Distributors,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi

(3:99-CV-903-LN)

November 29, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gerald Thomas, the pro se plaintiff-appellant in this case, appeals the district court's denial of his Rule 60(b) motion for a new trial. We find no abuse of discretion in the district court's denial of Thomas's motion and therefore affirm the district court's

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

ruling.

I.

Gerald Thomas sued United Beverage for employment discrimination, claiming that United Beverage (1) denied him a promotion because he is African-American, and (2) eventually fired him because he filed a complaint with the EEOC. The district court dismissed his case on summary judgment.

After the district court entered summary judgment against him on March 9, 2001, Thomas filed two undesignated motions for reconsideration. Thomas filed his first motion for reconsideration on March 21. The district court denied that motion. Thomas filed his second motion for reconsideration on April 12. The district court denied that motion as well. On May 15, 2001, Thomas filed a notice of appeal challenging the summary judgment entered against him. United Beverage then filed a motion to dismiss the appeal for lack of jurisdiction, arguing that Thomas's notice of appeal was not timely. Another panel of this court denied United Beverage's motion, but held that our jurisdiction was limited to reviewing "whether the district court abused its discretion in denying [Thomas's] second motion for reconsideration." Thomas v. United Beverage/Gulf Distribs., No. 01-60429 (5th Cir. filed Aug. 3, 2001). The court considered this second motion for reconsideration to be a Rule 60(b) motion. Thomas now appeals the district court's denial of his second motion for reconsideration.

II.

A. Standard of Review

This court reviews a district court's denial of a Rule 60(b) motion for relief of judgment for clear abuse of discretion. See Delgado v. Shell Oil Co., 231 F.3d 165, 183 (5th Cir. 2000). "It is not enough that the granting of relief might have been permissible, or even warranted; denial must have been so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

B. Discussion

The district court did not abuse its discretion in denying Thomas's second motion for reconsideration. As stated above, a prior panel of this court deemed this undesignated motion to be a Rule 60(b) motion solely because Thomas filed the motion too late for it to qualify as a Rule 59 motion. Thomas does not, however, allege specific grounds for reversal under Rule 60(b). His sole arguments on appeal are that (1) the district court erred in granting summary judgment because there are disputed material issues of fact in this case; and (2) the district court erred in finding that Thomas failed to establish a prima facie case for employment discrimination.

Thus, Thomas seeks to challenge the merits of the district court's summary judgment ruling through a Rule 60(b) motion; he does not present facts that ordinarily lend themselves to Rule

3

60(b) relief. His assignments of error do not fit into any of the first five subcategories of Rule 60(b). See Fed. R. Civ. P. 60(b). Even the broadly worded Rule 60(b)(6), allowing relief for "any other reason justifying relief from the operation of judgment," requires some "extraordinary circumstance" for this court to grant relief. See Heirs of Guerra v. United States, 207 F.3d 763, 767 (5th Cir. 2000) (citing Klapprott v. United States, 335 U.S. 601, 613-14 (1949)). In Seven Elves, Inc. v. Eskenazi, this court set forth several factors relevant to determining whether Rule 60(b)(6) relief is warranted, including:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.

635 F.2d 396, 402 (5th Cir. 1981). These factors militate strongly against Thomas's motion for reconsideration. Thomas presents no extraordinary circumstances warranting relief. He instead argues that the court erred in granting summary judgment because (1) there

4

are disputed issues of fact in this case and (2) the court incorrectly found that he failed to establish a prima facie case. These arguments are proper for ordinary appeal, but not a Rule 60(b) motion.  See Pryor v. United States Postal Serv., 769 F.2d 281, 286 (5th Cir. 1985) ("Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal").  It is also important to note that Thomas had an adequate opportunity to present his version of the facts before the court.  Thus, in light of the policy of favoring the preservation of judgments, the district court did not abuse its discretion in denying Thomas's motion for reconsideration.

## III.

Thomas has not demonstrated any "extraordinary circumstances" or that any of the district court's rulings were "fundamentally incorrect."  We therefore find no grounds for Rule 60(b) relief. The district court's ruling denying Thomas's motion for reconsideration is AFFIRMED.