# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2012

No. 11-50658
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RIGOBERTO MELERO AGUIRRE,

Defendant

MARIA JESSICA AGUIRRE,

Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1267-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rigoberto Melero Aguirre (Mr. Aguirre) pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, and he was sentenced to life imprisonment, a lifetime term of supervised release, a $100 special assessment, and a $1,000,000 fine. Mr. Aguirre's wife, third party

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitioner Maria Jessica Aguirre (Mrs. Aguirre), appeals the district court's denial of her motion for relief from final judgment of forfeiture and petition for adjudication of interest in Mr. Aguirre's real properties that were forfeited to the Government (the forfeiture properties), the district court's grant of the Government's petition to foreclose liens, and the district court's denial of her petition for adjudication of interest in Mr. Aguirre's real properties that were subject to foreclosure (the foreclosure properties).

Mrs. Aguirre argues that the district court abused its discretion by denying her motion for relief from the final judgment of forfeiture and her petition for adjudication of interest in the forfeiture properties. She maintains that she showed excusable neglect sufficient to be granted relief from the final judgment of forfeiture pursuant to Federal Rule of Civil Procedure 60(b)(1) based upon her husband's incarceration, her new role as the single parent of six children, and her lack of legal knowledge. She asserts that she has a valid interest in the forfeiture properties under Texas community property law. She contends that the district court erred by not conducting an examination into the application of Rule 60(b) to her petition, by not examining the merits of her interest in the forfeiture properties, and by not holding a hearing on her claims.

A third party claiming an interest in the property to be forfeited may petition the court for an adjudication of her interest in that property within 30 days[1] of the publication of the final notice of forfeiture or her receipt of notice of the forfeiture, whichever is earlier. 21 U.S.C. § 853(n)(2). The proper method for attempting to reopen a forfeiture proceeding to file an untimely petition is through a motion under Federal Rule of Civil Procedure 60(b). FED. R. CRIM. P. 32.2(c), advisory committee notes.

---

[1] The notice provided to Mrs. Aguirre gave her 35 days to file a petition. This discrepancy, however, does not change the analysis of this case because Mrs. Aguirre did not file her petition within either time period.

As Mrs. Aguirre's petition was admittedly untimely, she was required to show that she was entitled to relief under Rule 60(b) for her petition to be considered. *See id.* As noted by the district court, finding excusable neglect on the grounds raised by Mrs. Aguirre would prejudice the Government because those circumstances would apply to most spouses of convicted criminals and allow for the reopening of numerous forfeitures. The length of Mrs. Aguirre's delay also weighed against a finding of excusable neglect because her petition was filed nearly four months after she was served with notice and over two months after the deadline for filing her petition. Likewise, the reasons for Mrs. Aguirre's delay were not sufficient to support a finding of excusable neglect because a showing of unusual or unique circumstances is required and gross carelessness and ignorance of the law are insufficient. *See Pryor v. U.S. Postal Service*, 769 F.2d 281, 286-87 (5th Cir. 1985). Mrs. Aguirre has not shown that the district court abused its discretion by denying her request for relief from the final judgment of forfeiture. *See id.* at 286.

Mrs. Aguirre's assertion that the district court erred by not examining the application of Rule 60(b) to her petition is without merit because the district court analyzed her request for relief under the proper Rule 60(b) standards. *See Silvercreek Mgmt. v. Banc of Am. Secs. LLC*, 534 F.3d 469, 472 (5th Cir. 2008). Her argument that the district court erred by refusing to hold a hearing on her petition is without merit because the district court was authorized to dismiss her petition on a motion to dismiss without holding a hearing. *See* FED. R. CRIM. P. 32.2(c)(1).

Mrs. Aguirre argues that the district court erred by denying her petition for adjudication of interest in the foreclosure properties. She asserts that she had an interest in the foreclosure properties under Texas community property law. She mistakenly asserts that the foreclosure properties were subject to forfeiture, and the cases she cites are forfeiture cases. Mrs. Aguirre argues that the district court should have held a prompt hearing on her petition.

No. 11-50658

While it was undisputed that Mrs. Aguirre held a community property interest in at least some of the foreclosure properties, Texas law provides that community property subject to a debtor's sole or joint management or control is subject to the debtor's liabilities. TEX. FAM. CODE § 3.202(c). Thus, unless property is solely managed or controlled by a defendant's spouse, a district court in Texas may properly allow the Government to seize both a defendant's and his spouse's interests in property to satisfy a criminal debt. *United States v. Loftis*, 607 F.3d 173, 178 (5th Cir. 2010). As Mrs. Aguirre did not allege that any of the foreclosure properties were under her sole management or control, the district court did not err by denying her petition and granting the Government's foreclosure petition. *See id.*

As the foreclosure properties were subject to foreclosure, not forfeiture, Mrs. Aguirre's arguments regarding forfeiture law are not relevant to this appeal. Mrs. Aguirre's assertion that the district court should have held an evidentiary hearing is also without merit because Mrs. Aguirre has not identified any law requiring such a hearing and has not identified any disputed issue of fact that would have necessitated an evidentiary hearing. *Cf. United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). To the extent that Mrs. Aguirre argues that the district court did not promptly rule on her petition, her argument is without merit as the district court issued its ruling less than a month after Mrs. Aguirre filed her petition.

AFFIRMED.