# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

No. 12-60217
Summary Calendar

Lyle W. Cayce
Clerk

BILLY WILLIAMS,

Plaintiff–Appellant

v.

HUNTINGTON INGALLS, INCORPORATED, also known as Northrop
Grumman Shipbuilding, Inc.,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CV-153

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Billy Williams appeals the district court's dismissal of his racial
discrimination lawsuit against his former employer, Huntington Ingalls, Inc.
("HII"). We AFFIRM.

Williams brought this suit on February 8, 2011, and HII moved for
summary judgment on October 14, 2011. Williams' counsel twice obtained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-60217

extensions of the deadline to respond to HII's motion, but never filed a response. Instead, his counsel moved to withdraw on December 9, citing a previously unknown conflict of interest. On December 19, the district court granted the motion to withdraw and gave Williams forty-five days to retain substitute counsel or notify the court of his intent to proceed *pro se.*

Williams took no action in response to the court's deadline, and on February 6, 2012, HII moved to dismiss the suit for failure to prosecute. Williams, proceeding *pro se*, failed to respond to either the summary judgment motion or the motion to dismiss. On February 24, 2012, the district court granted HII's summary judgment motion and dismissed the lawsuit. Williams now appeals, challenging the district court's rulings with respect to both the motion to withdraw and the motion for summary judgment.

We first consider the merits of Williams' claim.[1] Williams alleged that HII terminated him because he was African-American. In its motion for summary judgment, however, HII presented evidence that Williams was terminated because he allowed a subordinate to perform unauthorized welding work, which resulted in a fire that caused extensive property damage. The district court found that Williams could not make out a *prima facie* case of discrimination, as he could not show that he "was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). On appeal, Williams contends that he could have established a *prima facie* case if given the opportunity, and also could have shown that HII's non-discriminatory reason for termination was pretextual.

---

[1] Williams brought suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Both claims are evaluated under the familiar *McDonnell Douglas* framework. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002).

No. 12-60217

We find that the district court did not err in granting summary judgment.[2] Williams never alleged that he was replaced by someone outside the protected class, and no evidence in the record indicates that there were other HII employees who were treated more favorably after committing similar infractions. The record thus does not reflect a genuine dispute of material fact with respect to the *prima facie* case of racial discrimination, and summary judgment was therefore proper. Williams' arguments to the contrary are unavailing. Because the district court correctly determined that Williams failed to establish a *prima facie* case, it was not required to consider whether HII's non-discriminatory reason for Williams' termination was pretextual. *See, e.g.*, *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004) ("To survive summary judgment under *McDonnell Douglas*, the plaintiff must first present evidence of a *prima facie* case of discrimination."). Nor can Williams claim that he had an inadequate opportunity to respond to HII's motion, as he had over two months in which to do so even after his attorneys withdrew from the case.[3]

Williams further contends that the district court erred in granting his attorneys' motion to withdraw. We have explained that "[a]n attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client. The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citations and internal quotation marks omitted).

---

[2] Contrary to Williams' assertion, the district court granted only HII's summary judgment motion. It did not grant HII's motion to dismiss or issue a default judgment.

[3] Williams also faults the district court for granting summary judgment without holding a hearing. A district court, however, is not required to hold hearings on summary judgment motions. *See* FED. R. CIV. P. 56; *see also Landry v. Zerangue*, No. 02-30280, 2002 WL 31688813, at *1 (5th Cir. Oct. 28, 2002) ("Courts need not hold oral arguments on motions.") (citing *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991)).

No. 12-60217

The motion to withdraw that was filed in this case represented that a conflict of interest had arisen between Williams and his attorneys, that Williams had consented to the withdrawal, and that he had been advised of the motion and provided with a copy thereof. The motion also certified that it was served upon Williams. The district court granted the motion ten days after it was filed, thus providing Williams a reasonable time in which to respond. The court then sent directly to Williams a copy of its order granting the motion to withdraw. At no time did Williams ever request a hearing. Williams has provided us with no reason to disbelieve the representations made in the motion, nor does he explain why the district court erred in failing to hold a hearing. The district court did not abuse its discretion in granting the motion to withdraw.

Finally, Williams asserts that his attorneys conspired with HII's counsel to commit a fraud on the court, in light of his attorneys' allegedly deficient performance in prosecuting his case. As this argument was not raised below and lacks any basis in the record, we will not consider it further. Furthermore, Williams may not obtain reversal based upon the allegedly deficient performance of his counsel. *See, e.g.*, *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985) ("[I]t has long been held, particularly in civil litigation, that the mistakes of counsel . . . are chargeable to the client . . . . [T]he proper recourse for the aggrieved client . . . is to seek malpractice damages from the attorney.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).[4]

AFFIRMED.

---

[4] To the extent that Williams seeks to assert an ineffective assistance of counsel claim, this claim is without merit. It is well established that the Sixth Amendment right to effective assistance of counsel does not apply to civil cases. *See Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986).