# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 17, 2013

Lyle W. Cayce
Clerk

No. 12-30634
Summary Calendar

ANNE B. SANDERS,

Plaintiff - Appellant

AQUATIC REHAB, L.L.C.,

Appellant

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES; PINNACLE BUSINESS SOLUTIONS, INCORPORATED; USABLE MUTUAL INSURANCE COMPANY, doing business as Arkansas Blue Cross and Blue Shield; ADVANCEMED CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-cv-00172-EEF

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Anne Sanders filed suit against the Department of Health and Human Services (DHHS) and three Medicare contractors for their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged failure to process properly and reimburse her Medicare claims. The district court found that the contractors were entitled to derivative sovereign immunity and that it lacked subject-matter jurisdiction over Sanders's claim against the DHHS. The court dismissed her claims.

Sanders then obtained counsel. Through counsel, she sought relief from the district court's judgment under Federal Rule of Civil Procedure 60(b). That Rule provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."[1] "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief."[2] Sanders argued, in essence, that her former status as a *pro se* litigant resulted in errors that entitle her to relief.

The district court disagreed, as do we. For essentially the reasons stated by Judge Fallon in his order of February 6, 2012, we AFFIRM.

---

[1] FED. R. CIV. P. 60(b)(1).

[2] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).