# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-30474

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

LESLIE SIMS, JR.; ROSA MARQUEZ; FLOYD S. AARON, III; HASSAR SLEEM,

Plaintiffs - Appellants

v.

BOH BROTHERS CONSTRUCTION COMPANY, L.L.C., ET AL,

Defendants

GERALD EDWARD MEUNIER; DANIEL E. BECNEL, JR.; HUGH P. LAMBERT; DARLEEN M. JACOBS; WALTER CLAYTON DUMAS; JOSEPH M. BRUNO; JAMES PARKERSON ROY; PIERCE O'DONNELL; JONATHAN B. ANDRY; HENRY CLAY MITCHELL, JR.,

Appellees

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-4191

————

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30474

This appeal involves a consolidated class action brought on behalf of thousands of plaintiffs for damages incurred in the wake of Hurricane Katrina. The plaintiffs and their counsel are divided into different groups. After the second settlement, two plaintiffs' groups—the Levee Litigation Group and the MR-GO Litigation Group, which are represented by Appellee Joseph M. Bruno as liaison counsel ("Liaison Counsel")—filed a motion for an award of the maximum amount of costs and expenses allowed by the second settlement. A different plaintiffs' group—Appellants Leslie Sims, Jr., et al. (the "Sims Plaintiffs")—neither responded to the motion nor filed their own request for a portion of the maximum allowable costs and expenses. The district court granted the motion, awarding the Levee and MR-GO Litigation Groups, jointly, the full amount requested. More than two months after Liaison Counsel's motion was filed, the Sims Plaintiffs filed a motion to vacate or modify the cost award (the "Motion to Vacate"), contending that they should be allowed to apply for an award of costs and expenses even though they had not previously done so. The district court denied the Motion to Vacate, and the Sims Plaintiffs now appeal that denial.

First, the Sims Plaintiffs contend the district court erred in using the standards of Federal Rule of Civil Procedure 60(b), instead of Rule 54(b), to analyze their Motion to Vacate. Because the Sims Plaintiffs did not raise this issue before the district court in their Motion to Vacate or accompanying reply, the issue is forfeited and reviewed for plain error only. *In re Deepwater Horizon*, __ F.3d __ , 2016 WL 759890, at *3 (5th Cir. Feb. 25, 2016); *Tilmon v. Prator*, 368 F.3d 521, 524 (5th Cir. 2004). For an error to be plain, the error "must be clear or obvious, rather than subject to reasonable debate." *Jimenez v. Wood Cty., Tex.*, 660 F.3d 841, 847 (5th Cir. 2011) (en banc) (citations omitted). After considering the record, the briefs, and the applicable law, we

2

No. 15-30474

find that—at a minimum—it is unclear and debatable whether the district court erred in using the standards of Rule 60(b) and thus the district court did not plainly error.

Second, the Sims Plaintiffs contend the district court erred in denying them relief under Rule 60(b)(1) and (6).  Rule 60(b) provides that the court may grant relief for (1) "excusable neglect" or "(6) any other reason that justifies relief."  FED. R. CIV. P. 60(b)(1), (6).  A district court's decision to grant or deny relief under Rule 60(b) is reviewed for abuse of discretion.  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015).  The Sims Plaintiffs claim their failure to respond to Liaison Counsel's motion for a cost award or file their own request for costs constitutes excusable neglect under Rule 60(b)(1) because their attorney did not receive electronic notice of Liaison Counsel's motion and because the district court did not set a deadline for filing cost applications as it said it would.  The Sims Plaintiffs also claim equity supported granting their Motion to Vacate because they assisted in obtaining reversal of the original settlement on appeal, which we construe as seeking relief under Rule 60(b)(6).  Considering the record, the appellate briefs, the applicable law, and the district court's thorough analysis, we find that the district court did not abuse its discretion in denying relief under Rule 60(b)(1) or (6).  *See Walker v. Transfrontera CV de SA*, __ F. App'x __ , 2015 WL 9266637, at *1–4  (5th Cir. Dec. 18, 2015); *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287–88 (5th Cir. 1985).

For these reasons, the district court's decision to deny the Sims Plaintiffs' Motion to Vacate is AFFIRMED.

3