**Leonard Nicholas BUCCI, by his mother and guardian Artemis Bucci, Petitioner,**

**v.**

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**No. 90–1365V.**

United States Court of Federal Claims.

Nov. 23, 1994.

Michael R. Hugo, Boston, MA, for petitioner.

Michael P. Milmoe, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, Helene M. Goldberg, John Lodge Euler and Gerard W. Fischer, for respondent.

## ORDER

MOODY R. TIDWELL, III, Judge.

This case is before the court on petitioner's Motion to Correct Judgment, filed December 20, 1993. For the reasons that follow petitioner's motion is denied.

## FACTS

On September 25, 1990, petitioner Leonard Bucci, by his mother and guardian Artemis Bucci, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 to 300aa–34 (1988 & Supp II 1990). The petition contained a general request for compensation pursuant to 42 U.S.C. § 300aa–11(e), but made no specific request for pain and suffering damages. Respondent subsequently filed a report recommending that petitioner be awarded compensation under the terms of the Vaccine Act if the prerequisites to compensation could be established. Later, the parties entered into settlement negotiations. Pursuant to these negotiations the parties resolved all items of compensation except for one item unrelated to the instant proceedings.

At a hearing held November 13, 1991, the parties set forth the agreed compensation that was supported by the evidence and Special Master Elizabeth E. Wright resolved the only outstanding issue of compensation. During the hearing there was no discussion of an award for pain and suffering or attorneys' fees.

According to petitioner, the parties *later agreed* that petitioner would receive the statutory maximum of $30,000 for attorneys' fees and costs, and pain and suffering. *See* 42 U.S.C. § 300aa–15(b). Therefore, once attorneys' fees and cost were determined, petitioner's pain and suffering award would be set at $30,000 less the agreed amount for attorneys' fees and costs. This agreement allegedly was read over the phone to Special Master Wright during a telephonic status conference on June 30, 1992. On July 22, 1992, Special Master Wright issued a decision setting forth petitioner's compensation pursuant to the Vaccine Act. The decision did not address the issue of damages for pain and suffering. On August 24, 1992, a judgment was issued pursuant to the special master's decision. Pursuant to Vaccine Rule 12, petitioner elected to accept the judgment on September 29, 1992. Less than three months later, on December 16, 1992 petitioner filed a motion to correct the compensation judgment under RCFC 60(b)(1). Petitioner requested that the caption be changed to read "The Nicholas Bucci Living Trust of October 16, 1992." By order filed April 9, 1993, the special master denied this motion.

By petition filed September 25, 1992, petitioner requested $15,436.64 for attorneys' fees and costs. The parties later agreed to set attorneys' fees and costs at $13,653. During a status conference the parties informed Chief Special Master Golkiewicz, to whom the case had been reassigned, that attorneys' fees would be set at $13,653. It is not clear from the papers submitted by petitioner whether the parties discussed damages for pain and suffering during this status conference. On March 3, 1993, Chief Special Master Golkiewicz issued a decision awarding $13,653 for attorneys' fees and costs. The decision made no reference to an award for pain and suffering. Because the parties had previously waived their right to review the decision, judgment was entered in accordance with this decision on March 4, 1993. On July 26, 1993 a check in the amount of $13,653.00 was mailed to petitioner in satisfaction of the court's judgment.

On December 20, 1993, petitioner filed the instant motion in the Office of Special Master. As grounds for relief, petitioner argued that the judgment did not accurately represent the parties' agreement because it omitted $16,347 for pain and suffering. Petitioner asked the court to correct the "clerical error arising from the mistake" pursuant to RCFC 60(a). In the alternative, petitioner asked for relief under RCFC 60(b)(1) on the grounds of "mistake, inadvertence or excusable neglect." Finally, in the event the court was unable to grant relief under RCFC 60(a) or 60(b)(1), petitioner asked the court to hold that the judgment was void because it improperly reflects the agreement of the parties.

In its brief in opposition to petitioner's motion, respondent argued that the special master had no jurisdiction to act on a petition once final judgment was entered by the court. In addition, respondent maintained that to the "best of [its] knowledge, the issue of pain and suffering was never discussed between counsel."

By Order filed August 4, 1994, Chief Special Master Golkiewicz determined that the court lacked jurisdiction to decide petitioner's post-judgment motion. Accordingly, he directed the Clerk to forward the motion to the Court of Federal Claims.

## DISCUSSION

1. *Petitioner Is Not Entitled to Relief Under RCFC 60(a)*

■ Pursuant to RCFC 60(a) the court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record ... at any time...." RCFC 60(a). For Rule 60(a) to apply, the clerical mistake should be obvious on the basis of the record before the court. *See In re Frigitemp Corp.*, 781 F.2d 324, 327–28 (2d Cir.1986). In the instant case the judgment accurately reflects Chief Special Master Golkiewicz's March 3, 1993 decision, which did not include an award for pain and suffering. Therefore, the record contains no apparent error.

■ Further, damages for pain and suffering are not mandated by the Vaccine Act, but rather are discretionary. *Patton v. Secretary of the Dep't of Health and Human Servs.*, 25 F.3d 1021, 1030 (Fed.Cir.1994).

When an alleged error arises out of the performance of a non-ministerial duty, Rule 60(a) does not apply. *Id.* Even if the special master intended to award damages for pain and suffering, the omission of those damages results from the failure to perform a discretionary act, and cannot be corrected pursuant to Rule 60(a). *Id.*

### 2. *Petitioner is Not Entitled to Relief Under RCFC 60(b)(1)*

 As an alternative to correcting the judgment under rule 60(a), petitioner sought relief under RCFC 60(b)(1). Rule 60(b) gives the court the discretion to "relieve a party or his legal representative for a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect...." RCFC 60(b)(1). Rule 60(b) is an extraordinary remedy and should not be granted unless the moving party satisfactorily demonstrates that relief is warranted due to unusual or unique circumstances. *See Pryor v. United States Postal Service,* 769 F.2d 281, 286 (5th Cir.1985) (citations omitted). Gross carelessness on the part of a litigant or an attorney does not justify relief under rule 60(b). *Pryor,* 769 F.2d at 286. (citations omitted).

 Petitioner alleged that the judgment does not accurately represent the parties' agreement because of "a mechanical error of transcribing from the notes taken from the telephone conversation during which the agreement was read over the telephone to the attorneys' fee decision of a different special master." Under the Vaccine Act, pain and suffering is not a mandatory item of compensation. *See supra.* Therefore, in the absence of a settlement agreement, the special master could have determined not to award damages for pain and suffering. Counsel's failure to inform the special master that petitioner was entitled to an discretionary item of compensation cannot be deemed "excusable" for purposes of relief under Rule 60(b). *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356–57 (5th Cir.1993); *In re O.P.M. Leasing Servs., Inc.,* 769 F.2d 911, 918–19 (2d Cir.1985).

 Further, even if Chief Special Master Golkiewicz had been informed about the full terms of the settlement, but inadvertently neglected to include pain and suffering damages in his decision, petitioner would not be entitled to relief. Motions filed pursuant to RCFC 60(b)(1) must be filed within a reasonable time and, in any event, not more than one year after judgment is entered. RCFC 60(b); *see also Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 608 (7th Cir.1986) (one year is extreme limit); *Pryor,* 769 F.2d at 287–88 (four month delay not reasonable). In determining whether a motion is made within a reasonable time, the court should consider "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Id.* (alterations in original) (citing *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981)).

 In the instant case, petitioner alleged that he should have been awarded a total of $30,000 in damages for attorneys' fees and costs, and pain and suffering. The judgment issued March 3, 1993, however, awarded only $13,653.00 in attorneys' fees, and omitted damages for pain and suffering. To the extent the judgment did not reflect petitioner's understanding of the settlement, the error was apparent on the face of the judgment. Nevertheless, petitioner's motion seeking relief pursuant to RCFC 60(b)(1) was filed more than nine months after the judgment was entered, and almost five months after the check satisfying the judgment was mailed. In contrast, petitioner waited only three months to seek correction of the caption in the judgment awarding compensation.

Despite the nine month delay in seeking correction, petitioner failed in his motion to give any explanation accounting for the delay. In addition, based on respondent's statement that it does not recall discussing pain and suffering with petitioner, the court is unable to conclude that respondent was not prejudiced by the delay. Therefore, because the facts giving rise to plaintiff's claim were apparent on March 3, 1993, the court concludes that plaintiff's motion filed December 20, 1993 was not filed within a reasonable time.

3. *Petitioner is Not Entitled to Relief Under Rule 60(b)(4).*

Petitioner also argued that the judgment is void because it improperly reflects the intention of the parties, and therefore the judgment can be vacated pursuant to Rule 60(b)(4). This argument is without merit. A judgment is not void for purposes of Rule 60(b)(4) unless the court that issued the judgment lacked subject matter jurisdiction or "acted in a manner inconsistent with due process of law." *Schwartz v. United States,* 976 F.2d 213, 216 (4th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1280, 122 L.Ed.2d 673 (1993).

## CONCLUSION

Because the court determines that petitioner is not entitled to relief pursuant to RCFC 60, petitioner's motion is denied.

**IT IS SO ORDERED.**