Aaron D. BRIDGHAM, by his mother and next friend, Susan I. LIBBY, Petitioner,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–1187V.

United States Court of Federal Claims.

March 23, 1995.

Michael R. Hugo, Boston, MA, for petitioner. Ronald C. Homer, Conway, Crowley & Hugo, of counsel.

Gerard W. Fischer, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, for respondent.

## ORDER

MILLER, Judge.

This case is before the court on petitioner's motion to correct judgment pursuant to RCFC 60. The issue is whether the special master's omission of an award of damages for pain and suffering constitutes an error or mistake that should be corrected upon petitioner's motion for post-judgment relief. Argument is deemed unnecessary.

## FACTS

The following facts are undisputed, unless otherwise noted. On September 24, 1990, petitioner filed a motion for ·compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 to 300aa–34 (1988 & Supp. V 1993), *as amended* at 42 U.S.C.A. §§ 300aa–1 to 300aa–34 (West 1991 & Supp.1994) (the "Vaccine Act"). At the completion of two evidentiary hearings, Special Master E. Lavon French ruled from the bench that petitioner had established his entitlement to compensation under the Vaccine Act. Thereafter, petitioner and respondent entered into negotiations to determine the amount of the award.[1]

---

1. Petitioner contends that "[t]he parties felt that they could agree on fees, costs and pain and

According to petitioner, as the result of an exchange of facsimile transmissions, the parties agreed to the amount and method of payment of the compensation award. ₀ The parties also allegedly agreed that petitioner would be awarded $19,000.00 for attorneys' fees and $11,000.00 for pain and suffering. Respondent demurs.[2] Petitioner claims that the substance of this agreement was communicated by telephone to the special master on April 8, 1993. Respondent discusses a status conference on the same date, but does not mention the agreement.[3] On May 3, 1993, the special master issued both one written decision setting forth the amount of compensation for petitioner's injuries and the method of payment, along with a separate written decision awarding compensation for attorneys' fees and costs in the amount of $19,-000.00. Although the latter order did not stipulate an award for pain and suffering, petitioner neither filed a motion for review nor sought intervention by the special master.[4]

After the parties filed on May 19, 1993, a joint notice declining review of the special master's decisions, the Court of Federal Claims entered judgment consistent with these decisions on May 20, 1993, and June 3, 1993, respectively. On June 1, 1993, counsel for petitioner sent a letter by both facsimile transmission and mail to counsel for respon-

---

suffering while negotiating the amounts of compensation...." Pet's *Motion To Correct Judgment*, filed Nov. 10, 1993, at 2.

2. Respondent contends that the document the parties agreed to did not include an award of damages for pain and suffering:

> With respect to petitioner's exhibit A, respondent notes the following. First, that chart was prepared by respondent with the intent of communicating to petitioner and the special master the elements of compensation that respondent's care planner would support and to which *petitioner and respondent would not object*. Second, that chart was transmitted via facsimile to petitioner and the special master by respondent. Third, the chart as prepared by respondent *did not* include the last two lines: "Petitioner will be paid $11,000. out of the $30,000. cap for pain and suffering. Attorney fees are agreed upon at $19,000." An examination of that exhibit plainly reveals that, at least, those final two lines were *not* produced by the same word processor that produced the rest of the text. In any event, that chart is irrelevant—it is *not part of the record* of proceedings below and clearly is not a stipulation.

Resp's Br. filed Jan. 31, 1995, at 5 n. 3 (emphasis in original).

It is evident, as respondent notes, that the last two lines of the document submitted with petitioner's motion, which list an award of $19,-000.00 for pain and suffering, were not produced by the same word processor that produced the rest of the document. However, this item also refers to attorneys' fees. The added material reads, as follows: "Petitioner will be paid $11,-000. out of the $30,000. cap for pain & suffering. Attorney[s'] fees are agreed upon at $19,000." The inference can be drawn that the parties did agree to both items, but that only the $19,000.00 was memorialized in a judgment. Although respondent has no problem with the $19,000.00, if the added material were not considered, the record would be devoid of any basis for the decision awarding attorneys' fees. An equally reasonable inference could be drawn that whoever typed in the dual award was responsible for its terms, so that the $11,000.00 would not necessarily represent the agreement of both parties. Absent the proof required by RCFC App. H, *see infra* note 3, the court is not in a position to accept this added material as the agreement of both parties. In any event, the ineluctable problem remains that petitioner, by counsel, waited five months after entry of judgment on the decision on attorneys' fees before seeking post-judgment relief.

3. Petitioner maintains that during the telephone conference the parties neglected to mention the agreed-upon amounts for attorneys' fees, costs, and pain and suffering. Allegedly, moments later upon realizing their mistake, the parties telephoned the special master and "informed her and her clerk of the amounts for attorneys' fees, cost[,] and pain and suffering...." Pet's *Motion To Correct Judgment*, filed Nov. 10, 1993, at 3. No document of record corroborates this assertion by petitioner's counsel. RCFC App. H 1. provides:

> 1. **Factual Matters.** Factual representations, other than those pertaining to procedural aspects of the case which are personally known to the signatory attorney, will be disregarded unless supported by:
> a. A witness' affidavit or a declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746, attached to the motion or found in the pleadings or elsewhere in the record;
> ....
> d. Any of the other submissions referred to in [RCFC] 56(c); or
> e. Any other evidence that would be admissible at trial.

Absent Mr. Hugo's sworn statement, the court must ignore his assertion.

4. A party is allowed 30 days within which to challenge a Special Master's decision before judgment enters. RCFC App. J, Vaccine Rule 11.

dent, acknowledging that the Clerk of the Court had issued the judgment regarding attorneys' fees and costs and advising that petitioner would not seek an appeal. On June 7, 1993, counsel for petitioner filed Petitioner's Election, which formalized petitioner's position to accept the special master's decision on entitlement.[5] Respondent notified the court by letters filed with the Clerk of the Court—two on September 7, 1993, and one November 5, 1993, respectively, that four checks had been issued in satisfaction of these final judgments. These letters attached copies of letters actually mailed to counsel for petitioner enclosing the checks. Two were dated August 31, 1993, and the last one dated November 2, 1993, represented payment of the judgment on attorneys' fees.

On November 10, 1993, five months after the Court of Federal Claims entered judgment for the award of attorneys' fees, petitioner filed with the Office of the Special Masters a motion to correct judgment, contending that the special master's decision did not accurately reflect the parties' agreement. Specifically, petitioner requested a post-judgment award of $11,000.00 for pain and suffering. Respondent opposed, arguing both that the special master lacked jurisdiction to correct her decision and that the judgments appropriately reflected the decision of the special master.

By an endorsement dated July 21, 1994, entered on petitioner's November 10, 1993 motion, the special master determined that she lacked jurisdiction to decide the motion to correct judgment pursuant to *Patton v. Secretary of DHHS*, 25 F.3d 1021 (Fed.Cir. 1994). In *Patton* the Federal Circuit held that the special master's jurisdiction ended upon entry of judgment. Apparently, the special master held the matter in abeyance pending the June 2, 1994 decision in *Patton*. Pursuant to the endorsement and consistent with *Patton*, the Clerk of the Court forwarded the motion to the Court of Federal Claims, where it was assigned to this judge on December 12, 1994. Thereafter, this court invited the parties to file briefs addressing recent decisions relevant to the issue of post-judgment pain and suffering awards, specifically, *Bucci v. Secretary of DHHS*, 32 Fed.Cl. 330 (1994). Although *Bucci* factually parallels this case—the same motion by the same attorney arising from almost the same circumstances (nine months elapsed, rather than five, before the post-judgment motion was filed), this court, in coming to the same result as Judge Tidwell in *Bucci*, has put its own mind to resolving the issue.[6]

## DISCUSSION

RCFC 60,[7] which provides for the modification of judgments, attempts to reconcile the tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights. *See In re Frigitemp Corp.*, 781 F.2d 324, 326–27 (2d Cir.1986). In balancing these interests, courts take into account the nature of the discrepancy and the timeliness of the motion. *Id.* at 327. Relief under RCFC 60(a) for minor clerical errors or omissions can be afforded at any time. By contrast, Rule 60(b)(1), which provides relief from errors of a substantial nature, must be applied for within a reasonable time, not to exceed one year. Similarly, Rule 60(b)(4) authorizing relief from void judgments, need only be made within a time that

---

5. *See* RCFC App. J, Vaccine Rule 12(a)(1). Petitioner's election necessarily applies to both judgments. In addition, respondent correctly points out that the election was filed after the judgment complained of was issued.

6. *See supra* notes 2–3. Petitioner states that, unlike in *Bucci,* an agreement did exist and proffers the document with the added material in support. For the reasons stated in footnotes 2 and 3, without evidentiary support the court cannot credit counsel's assertions about what the parties agreed to and the circumstances underlying the added material. Moreover, as in *Bucci,*

counsel relies on a telephone conversation with the special master to confirm the terms of the alleged agreement. This court cannot accept counsel's bare assertion about the statements made during the conversation, as discussed in footnote 3.

7. Because RCFC 60 is for all practical purposes identical to Fed.R.Civ.P. 60, the jurisprudence under the federal rules is relied on for guidance. *See Patton v. Secretary of DHHS*, 25 F.3d 1021, 1024 n. 4 (Fed.Cir.1994).

is considered reasonable, given the circumstances.

### 1. *Rule 60(a)*

■ Pursuant to RCFC 60(a), the court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record" at any time.[8] In order for Rule 60(a) to apply, a movant must show that the judgment as entered does not effectuate the special master's intent. Furthermore, the clerical mistake should be obvious on the face of the record. *See In re Frigitemp,* 781 F.2d at 327–28.

Petitioner asserts that the parties had agreed to an award of $11,000.00 for pain and suffering. He contends that the omission of the $11,000.00 award for pain and suffering in the final judgment regarding attorneys' fees was a clerical mistake. However, the record before the special master contained no evidence of an agreement regarding damages for pain and suffering. The alleged agreement was neither stipulated to nor made part of the record. Attorney argument, without more, is insufficient to meet petitioner's burden pursuant to Rule 60(a). *See Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.,* 45 F.3d 1550, 1562 (Fed.Cir.1995). Absent evidence of record that the special master intended to grant an award for pain and suffering, the judgment's failure to reflect such an award cannot be termed a clerical mistake.

■ Moreover, RCFC 60(a) only authorizes the court to correct mistakes resulting from a court's failure to perform a ministerial duty, as opposed to a discretionary act. *Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 153 (1st Cir.1980). The award of damages for pain and suffering pursuant to the Vaccine Act is a discretionary act. *Patton,* 25 F.3d at 1030. Thus, even if the special master intended to award damages for pain and

suffering, the mere fact that she did not provides no basis for Rule 60(a) relief. *Id.*

### 2. *Rule 60(b)(1)*

■ In the alternative, petitioner argues that he is entitled to relief pursuant to RCFC 60(b)(1), which allows relief from judgment upon a showing of mistake, inadvertence, surprise, or excusable neglect.[9] Because a party has an affirmative duty to inquire about the status of his case, Rule 60(b) relief will be afforded only in unique circumstances. *Pryor v. United States Postal Serv.,* 769 F.2d 281, 287 (5th Cir.1985) (citing *Wilson v. Atwood Group,* 725 F.2d 255, 257–58 (5th Cir.) (en banc)). Gross carelessness, ignorance of the rules, or ignorance of the law will not suffice. *Pryor,* 769 F.2d at 287; 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858, at 170 (1973).

■ Petitioner argues that the failure of both parties to detect the omission of damages for pain and suffering constitutes grounds for relief pursuant to Rule 60(b)(1). The judgment as entered does not reflect the alleged agreement concerning an award of damages for pain and suffering. By contrast, the special master's decision did reflect an award for attorneys' fees. Thus, petitioner was on notice, prior to receipt of the last check, that the special master had not awarded damages for pain and suffering. Petitioner's counsel, however, took no steps to investigate the implementation of the parties' alleged settlement. Instead, petitioner opted not to seek review of the special master's decision and elected to accept the judgment on entitlement. *See supra* note 5. Petitioner's counsel also notified respondent that he would not seek an appeal of the judgment regarding attorneys' fees. Thus, because neither ignorance nor carelessness on the part of the attorney provides grounds for

---

8. RCFC 60(a) states, in pertinent part:

> (a) **Clerical Mistakes.** Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .

9. RCFC 60(b)(1) states, in pertinent part:

> (b) **Mistakes: Inadvertence: Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

relief pursuant to Rule 60(b)(1), petitioner has failed to demonstrate that he is entitled to such relief. *Ben Sager Chems. Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977).

Petitioner also argues that it was the clear intention of the special master to award damages for pain and suffering, but that she inadvertently failed to do so. Based on the record on review, no evidence is present that the special master manifested an intention to award damages for pain and suffering. In *Patton*, by contrast, wherein the Federal Circuit vacated a decision of the Court of Federal Claims refusing to grant post-judgment relief, the special master acknowledged that she had " 'inadvertently' " omitted such an award. 25 F.3d at 1024.[10]

 Even were petitioner to prove that unique circumstances exist that might justify RCFC 60(b)(1) relief, the rule nonetheless requires that a motion for such relief be made within a reasonable amount of time. *Pryor*, 769 F.2d at 287. A motion to correct judgment shall be made "within a reasonable time . . . not more than one year after the judgment, order, or proceeding was entered or taken." RCFC 60(b)(6). In determining what constitutes reasonable time, courts may consider the facts in each case, taking into consideration the interest in finality, the reason for the delay, the ability of the litigant to learn earlier of the grounds relied upon, and the potential prejudice to other parties. *See Kagan v. Caterpillar Tractor, Co.*, 795 F.2d 601, 610 (7th Cir.1986); *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930–31 (5th Cir.1976). For example, in *Patton*, the motion was made six weeks after the judgment entered awarding attorneys' fees, but omitting an award for pain and suffering.

Focusing on the second and third factors—the reason for the delay and the litigant's ability to learn earlier about the omission—petitioner's counsel has not established a legally sufficient excuse for why he made no attempt to correct the special master's decision prior to entry of judgment, or why he waited five months after entry of judgment to file his motion. Counsel's sole excuse for the delay is that he did not realize the mistake until receipt of the check for attorneys' fees. He claims that because the Vaccine Act caps petitioner's award for pain and suffering and attorneys' fees at $30,000.00, confusion is engendered. The award may be issued in an entitlement decision (here it was not), in an attorneys' fees decision (likewise), or "since an award is discretionary, not at all. . . ." Pet's Br. filed Jan. 11, 1995, at 5. Furthermore, petitioner argues that the point is rendered more confusing in that separate checks issue for pain and suffering and attorneys' fees.

Petitioner's counsel does not allay concern about his ability to learn of the omitted award earlier. Indeed, his explanation emphasizes the importance of noting the omission in the two judgments, since the separate check for attorneys' fees only, in his view, told him nothing. It was the omission of any mention of the award for pain and suffering in the money judgment that should have alerted him to the problem. Finally, he does not explain the significance of having accepted the judgments.

As for the first factor, the goal of finality would be thwarted were petitioner allowed to reopen a judgment, five months after entry, for the sole purpose of seeking damages that he neglected to seek during the decisionmaking process, the appeals period, or within a reasonable time.

---

**10.** The court is mindful that the appeals court in *Patton* remanded a similar case for findings when the special master had admitted a mistake. This fact was brought forth by the special master herself when she considered petitioner's motion for relief. In this case no such information is of record since the special master, in view of *Patton*'s holding that the Office of the Special Master lacks jurisdiction to hear post-judgment motions to correct mistakes, sent the motion to the Clerk of Court for referral to a judge. Although

this court theoretically has the power to remand the matter in order to develop a fuller record, the court declines to do so for two compelling reasons: First, the applicable case law instructs that petitioner waited too long before seeking post-judgment relief; second, petitioner's counsel failed to present under oath, as required by the rules, any of his allegations concerning the genesis of the added material in the settlement agreement and its communication to the special master. *See supra* notes 2–3.

 

 With respect to prejudice, the fourth and final factor, petitioner makes the argument that a denial of his motion deprives petitioner, not counsel, of an award to which the Vaccine Act intends petitioner's entitlement. This is true, and this is why claimants retain and pay for the services of attorneys: to perfect their rights under statute and case law. However, petitioner's counsel made a mistake, just like the one he made in *Bucci.* The Vaccine Act does not intend the Court of Federal Claims to act *in loco advocatis.* If a petitioner, by counsel, cannot support an application for post-judgment relief with reasons that the cases recognize as justifiable, the court cannot, and should not, disturb the finality of a judgment. *Cf. Gilbert v. Secretary of DHHS,* 51 F.3d 254, 257 (Fed.Cir. 1994) (denying equitable tolling on the basis of attorney mistake). Since the Government is entitled to know what its liabilities are upon entry of judgment, absent some event that is not merely chargeable to attorney inattention, respondent has been prejudiced by petitioner's delay. A five-month delay in the circumstances of this case is unreasonable. *Pryor* itself found a four-month delay period unreasonable.

### 3. *Rule 60(b)(4)*

 Finally, pursuant to RCFC 60(b)(4), the court may afford relief from a judgment where the judgment is void.[11] A judgment is not void merely because it improperly reflects the parties' agreement. *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2862, at 198–200 (1973). Instead, a judgment is void where the issuing court lacked jurisdiction or acted in a manner inconsistent with due process of law. *Id.* Petitioner has not alleged, let alone established, either a justification based on jurisdiction or grounded on due process to void the judgment. Therefore, petitioner is not entitled to relief pursuant to Rule 60(b)(4).

11. RCFC 60(b)(4) states, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or the party's

## CONCLUSION

Accordingly, based on the foregoing, petitioner's motion to correct judgment is denied. The Clerk of the Court shall return this matter to the closed status.

No costs on review.

legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void....