**Paul ELEY, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–3015

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

R.J. Castellanos, Fort Myers, Fla., Daniel L. Manring, Columbus, Ohio, for plaintiff-appellant.

Loretta B. Anderson, Asst. U.S. Atty., Tampa, Fla., Holly A. Grimes, Asst. Reg. Atty., Department of Health & Human Services, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, and RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Paul Eley appeals the district court's affirmance of the Secretary's denial of his claim for Social Security disability benefits. 42 U.S.C.A. §§ 416(i), 423 (1983). Eley contends his chronic liver disease meets the listings in 20 C.F.R. § 404.1598, Subpart P, Appendix 1, Part A, Sections 5.05(C) and 5.05(E)(2) (1983), requiring a finding of disability as compelled under 20 C.F.R. § 404.-1520(d) (1983).

At the time of the decision, claimant Eley was a 49-year-old male. He is a high school graduate with previous work experience as a cook on a private yacht. He served also for four years in the United States Air Force where he received clerk-typist training.

Eley filed his current application for disability insurance benefits on June 13, 1980 claiming disability due to chronic hepatitus beginning November 15, 1979. This claim was denied initially and upon reconsideration by the Social Security Administration, the claimant subsequently received a hearing before an administrative law judge March 6, 1981. The administrative law judge considered the claim *de novo* and, on March 25, 1981, found that Eley was unable to return to his former work, but that he retained the residual functional capacity to engage in light work. The district court affirmed.

In the oral argument conducted before the magistrate on March 31, 1982, the Secretary's attorney conceded that the claimant's documented medical condition came within the requirements of Section 5.05(E)(2). The magistrate recommended that the claimant be awarded benefits because of this concession. Before the district court, the Secretary contended claimant did not meet the Section 5.05(E)(2) listing and that the Assistant United States Attorney was in error for conceding this issue.

The district judge, considering the issue *de novo*, decided the Secretary was not bound by the concession before the magistrate. Contrary to claimant's argu-

ment, this was not error. The magistrate only makes recommendations. Final decision is made by the district court. 28 U.S.C.A. § 636(b)(1) (1983).

Under Section 5.05(C), a finding of disability requires an elevated serum bilirubin on repeated examinations for at least five months. Section 5.05(E)(2) requires confirmation of liver disease and an elevated serum bilirubin on repeated examinations.

 The Appeals Council inferentionally interpreted the words "on repeated examinations" as requiring that either all tests show an elevated serum bilirubin or that there be some consistency in the elevation greater than that shown in claimant's records. Claimant had a high reading only during the initial serious illness. This implied interpretation by the Appeals Council is entitled to controlling weight because it is neither plainly erroneous nor inconsistent with the regulation. *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). The evidence did not support the claim of disability under this interpretation of the regulations.

In *Broz v. Schweiker,* 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz,* — U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,* 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir.1983), we held that the Secretary could not use the grids that she had adopted concerning age to establish conclusively a claimant's ability to adapt. In *Reeves v. Heckler,* 734 F.2d 519 (11th Cir.1984), we explained how the Secretary could use the age grids in establishing the claimant's ability to adapt. The evidentiary determination we outlined in *Reeves* has not been made in this case. The record shows the ALJ applied the age grids in a mechanical fashion. On remand the district court should give Eley the opportunity to make a proffer of evidence on his ability to adapt. If Eley makes a proffer of substantial evidence that an ALJ could find credible and tending to show that the claimant's ability to adapt to a new work environment is less than the level established under the grids for persons his age, the district court shall

remand the case to the Secretary and direct that the Secretary reconsider the age/ability to adapt issue. If the claimant fails to make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the Secretary on this issue.

VACATED and REMANDED.