United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 03-20046

_____

JUNE JAMES,

Plaintiff-Appellant,

versus

RICE UNIVERSITY; KRISTI SUTTERMAN;
and KYLE CAVANAUGH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas,
Houston Division
4:02-CV-1472

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Plaintiff June James appeals the district court's
dismissal of her claims of race (African-American) and national
origin (Guyanese) discrimination and the district court's denial of
a number of post-judgment motions made by James to reinstate her
action. Some explanation of the background of the case and the

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedural history is necessary to understand which motions are properly before this court and whether any relief is available to James.

## I.  Background

On April 23, 2002, June James filed suit against Rice University and two of its employees, Kristi Sutterman and Kyle Cavanaugh, alleging that the defendants discriminated against her based on her race and national origin in violation of the Civil Rights Act of 1964.  That same day, Judge Hughes filed an Order for Conference which, inter alia, scheduled an initial pretrial conference for August 12, 2002, and ordered the parties to file a joint case management plan five days prior to the conference.  In addition, the Order required counsel to have "interviewed their clients and mastered the documents" prior to the conference and indicated that "[f]ailure to comply with this order may result in sanctions, including dismissal, cost assessment and prolonged tirades by the court."  On August 5, the parties filed a joint discovery/case management plan which provided specific dates by which the parties would make their initial disclosures, dates for the exchange of interrogatories and requests for production, and a process for scheduling depositions.

From that point forward, James, through her then-counsel, Rosalind A. Kelly, repeatedly failed to comply with the dates set out in the joint plan, failed to provide the required documents,

and on at least one occasion, failed to appear for a scheduled conference. As a result, on October 15, Rice University moved to dismiss James's claim for want of prosecution. On November 1, James's attorney responded by describing a series of events in her personal life[2] that had hampered her representation of James and arguing that her personal failures should not result in a dismissal of James's allegedly meritorious complaint. In support of the merit of James's claims, Ms. Kelly provided a list of incidents that ostensibly indicated a pattern of discriminatory behavior on the part of Rice University and its employees.

On November 4, Judge Hughes held a hearing on Rice University's motion for sanctions. After extensive discussion of the merit, or lack thereof, of James's claim and whether James's case should be affected by her counsel's self-admitted errors, Judge Hughes announced that the case would be dismissed because James, through her attorney, had failed to "meet her responsibilities as the plaintiff." The next day, a one-line order was entered dismissing James's claim with prejudice.

On November 14, within ten days of the entry of the order dismissing the case, Ms. Kelly filed a motion styled "Motion to Reconsider Dismissal of Action and Motion to Reinstate Case to Court's Active Docket." This motion argued the substantive merit

---

[2] These events included counsel's mother being bedridden in Tucson, Arizona with severe health problems and the demands of raising three toddlers.

3

of James's claim and requested reinstatement of the action. On November 18, Judge Hughes entered an order denying the motion on the ground that James had regularly missed court-ordered deadlines in the case and had not addressed these deficiencies in the motion to reconsider. On December 5, a second motion to reconsider was filed by Ms. Kelly. This motion attempted to explain the reasons for Ms. Kelly's repeated failure to meet the deadlines set by the district court. On December 10, the district court entered another one-line order denying James's second motion to reconsider. On December 26, Ms. Kelly filed a notice of appeal discussing the two motions to reconsider and indicating James's intent to appeal "the Court's order dismissing the action."

While these proceedings took place before the district court, James retained substitute counsel to pursue a malpractice claim against Ms. Kelly and take over the prosecution of her now-imperiled discrimination claim. On January 8, 2003, James's new counsel, Martin Shellist, filed a motion styled "Plaintiff June James's Motion for Relief from Judgment and Motion to Reinstate." This third motion argued that the failures of James's counsel should not be held against James and that the action should be reinstated. On January 13, the district court entered an order indicating that it did not believe it had jurisdiction to consider the latest motion filed by James because the filing of a notice of appeal divested it of jurisdiction. On February 7, after being denied an indicative ruling from the district court, James amended

4

her original notice of appeal to include the January 13 order denying the latest motion. This court then remanded the matter to the district court for a ruling on the merits of the Rule 60(b) motion, noting that a district court has jurisdiction to consider a Rule 60(b) motion while a notice of appeal is pending and may deny the motion or, with the leave of this court, grant the motion. Pursuant to this court's remand, the district court considered the motion and denied relief indicating that James was responsible for the errors and omissions of her lawyer.

## II. Discussion

We must first consider which of the rulings made below are properly before this court and then proceed to evaluate the merits of the properly raised claims.

### A. Original Dismissal Order

The original order dismissing the case was entered on November 5, 2002. Because the first motion for reconsideration was filed on November 14, within ten days of the entry of the dismissal order, and because it argues the merits of James's claim, it is appropriate to consider the motion as a Rule 59(e) motion to alter or amend the judgment. See, e.g., Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003). A Rule 59(e) motion tolls the filing period for a notice of appeal while the motion is pending. See FED. R. APP. P. 4(a)(4)(A)(iv). The motion was denied by the district court on November 18 and thus the clock began running on

5

James's ability to appeal the dismissal order. Because no notice of appeal was filed until December 26, the thirty-day period for filing an appeal of the dismissal expired. See FED. R. APP. 4(a)(1)(A). As a result, this court lacks jurisdiction over the district court's original order dismissing the case.[3] Id.

## B. First Motion for Reconsideration

For the same reason, because James did not file a notice of appeal from the order denying her original motion under Rule 59(e) within the requisite thirty-day period, we lack jurisdiction to review the district court's decision to deny the first motion for reconsideration. Id.

## C. Second Motion for Reconsideration

The appeal of the court's denial of the second motion to reconsider is within our appellate jurisdiction. Because that motion was filed more than ten days after the order dismissing James's action, it is properly viewed as a Rule 60(b) motion for relief from judgment. The decision to grant or deny 60(b) relief is within the sound discretion of the district court and will be reversed only for an abuse of discretion. See Provident Life &

---

[3]James's filing of two additional motions more ten days after the entry of the dismissal order are properly considered Rule 60(b) motions for relief from final judgment. See, e.g., McKethan v. Texas Farm Bureau, 996 F.2d 734, 743 n.25 (5th Cir. 1993). As such, they do not "affect the finality of a judgment or suspend its operation." Fed. R. Civ. P. 60(b). Thus, these motions do not toll the filing period for a notice of appeal except as provided for in Fed. R. App. P. 4(a)(4)(A)(vi).

6

<u>Accident Ins. Co. v. Goel</u>, 274 F.3d 984, 997 (5th Cir. 2002). Under Rule 60(b)(1), a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise or excusable neglect." <u>See</u> FED. R. CIV. P. 60(b)(1). The extraordinary relief afforded by Rule 60(b) requires that the moving party make a "showing of unusual or unique circumstances justifying such relief." <u>Pryor v. U.S. Postal Serv.</u>, 769 F.2d 281, 286 (5th Cir. 1985).

James's argument that she should be excused from her complete lack of compliance with the district court's pretrial orders as a result of her counsel's personal circumstances is unavailing. This court has often held that "the mistakes of counsel, who is the legal agent of the client, are chargeable to the client . . . no matter how 'unfair' this on occasion may seem." <u>Id.</u> at 288 (citation omitted). As we have noted in the past, "[w]ere this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency . . . [the] meaningful finality of judgment[s] would largely disappear." <u>Id.</u> at 288-89. Thus, no matter how much sympathy we may have for Ms. Kelly's personal situation or the prejudice her neglect has inflicted on her client, Ms. Kelly's actions do not constitute the type of "unusual or unique circumstances" justifying Rule 60(b) relief. <u>See, e.g.</u>, <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 633-36 (1962) (denying Rule

7

60(b) relief based on a claim of attorney incompetence); <u>Crutcher v. Aetna Life Ins. Co.</u>, 746 F.2d 1076, 1082-84 (5th Cir. 1984) (same).

## D. Third Motion for Reconsideration

The principal difference between James's second and third motions for reconsideration is that the latter was filed by her second, and clearly competent, attorney. Preliminarily, it is important to note that a Rule 60(b) motion cannot be used as an alternate avenue to appeal a final order of a district court. <u>See, e.g.</u>, <u>Latham v. Wells Fargo Bank, N.A.</u>, 987 F.2d 1199, 1203-04 (5th Cir. 1993). Here, because a notice of appeal contesting the denial of the second motion had already been timely filed, the successive 60(b) motion at issue here does not represent the typical scenario where a party is attempting to extend the time period for filing an appeal. However, where the grounds raised are essentially the same as those in the previous motion, to consider the merits of the successive motion would essentially allow reargument. Even assuming, arguendo, that the third motion is properly before us, the underlying argument is basically the same – James should not be punished for her counsel's complete and total incompetence. For the reasons discussed above, the grounds cited in the third motion do not merit Rule 60(b) relief.

The judgment of the district court is **AFFIRMED.**

8