United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2004

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

---

m 04-60153
Summary Calendar

---

JANE C. WRIGHT,

Plaintiff-Appellant,

VERSUS

TYRUS ROBINSON; CARLOS ASHFORD; STEVE GAY;
BL DEVELOPMENT CORPORATION,
DOING BUSINESS AS GRAND CASINO TUNICA,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Mississippi
m 2:02-CV-310

---

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge.*

Jane Wright sued her former employer and various of its employees for employment discrimination. She appeals, *pro se*, the dismissal for failure to prosecute and failure to obey a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
(continued...)

*(...continued)
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court order. Finding no error, we affirm.

## I.

Wright is black, aged fifty-two. Defendant, BL Development Corporation, doing business as Grand Casino Tunica ("the Grand"), was her employer. Tyrus Robinson, Carlos Ashford, and Steve Gay were Wright's managers at The Grand and as such are co-defendants. Wright began working at the Grand as a Slot Technician in 2001. She was the only female and the oldest person in her group.

Wright sued, alleging title VII sexual harassment, discrimination on the basis of sex, retaliation, and violations of the Age Discrimination in Employment Act. She alleges that she was performing a coin test with Ashford when Robinson bluntly stated that despite his small statute, he had a "big dick." Thereafter, Ashford responded that "when you said that, Jane looked like she wanted to jump on top of you."

Wright complained to Robinson the next day about the inexcusable behavior that had produced a sexually charged hostile work environment and left her feeling embarrassed and degraded. One week later, Wright learned from Beth Daniels, Manager of Human Relations, that someone else had filed a complaint against Robinson and Ashford on behalf of Wright.

The supervisors of Robinson and Ashford were repeatedly told about Robinson's and Ashford's inappropriate behavior but failed to take action to protect Wright and other female employees. Specifically, no action was taken against Robinson and Ashford to prevent them from sexual harassment. Wright avers that at all times, the Grand either knew or reasonably should have known of the hostile work environment that had been created, but made no effort to provide Wright with a working environment free of harassment and retaliation.

Following the complaint against Robinson and Ashford, Wright received an unfavorable performance evaluation affecting her wages and placing her on probation. These negative actions were taken within a two-week period of the complaint. Before the complaint, she had not received any performance complaints or other disciplinary action.

Next, Terry Renault, the lead slot technician manager, asked Wright whether she was having any problems. Wright again complained of the sexually charged hostile work environment. Renault conducted no investigation and instead sought out negative information regarding Wright.

Wright was given an ultimatum by Joy Crier of Human Resources, who stated that if Wright withdrew her complaints, Crier would discard the negative information Renault had collected. Furthermore, Jerry Artiglierre, vice-president of slots, told Wright that he would investigate her complaints, after which he told Robinson to "fix the matter."

Subsequently, Robinson told Wright that she would be placed on probation for ninety days, but she would also receive an increase in salary. Thereafter, Wright resigned and was replaced by a male less than forty years of age.

## II.

Wright consented to assignment to a magistrate judge, who dismissed the case with prejudice on February 9, 2004, for failure to prosecute and for failure to obey an order that granted defendants' motion to compel Wright to respond to discovery requests and submit to

2

a deposition. Wright had failed to respond to discovery requests. In addition, her initial attorney, Caldwell, was forced to transfer the case to another lawyer because Caldwell had been barred from practicing law. Thereafter, Wright failed to respond to attempts to contact and communicate with her made by Labovitz, her new attorney. Consequently, he resigned, whereupon the magistrate judge found that Wright lost interest in the suit. Wright appealed under FED. R. CIV. P. 73(c).

### III.

Wright's *pro se* brief raises, *inter alia*, a jurisdictional question on appeal. She asks, "Whereas pursuant to 28 U.S.C.A. 636(c) and Fed. R. Civ. P. 73, a Title VII Civil Case is referred to a Magistrate Judge; and where the referral does not appear to specifically and directly grant the Magistrate Judge the authority to make and enter final ruling and judgments on dispositive pretrial motions such as the exercise of contempt powere, may a Magistrate Judge exercise such contempt powers, without abuse of discretion and the statue [*sic*]?

The parties, however, consented to the exercise of jurisdiction by a magistrate judge. Under 28 U.S.C. § 636(c), upon consent of the parties, a magistrate judge may conduct all proceedings in a civil matter and may order the entry of judgment; the magistrate judge acts in the capacity of a district judge. *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993). Before commencing the trial of any civil case in which a magistrate judge is to preside pursuant to the authority of § 636(c), the magistrate judge must inquire on the record of each party whether it has filed consent to the magistrate judge's presiding and must receive an affirmative answer from each on the record before proceeding further. *Archie v.*

*Christian*, 808 F.2d 1132, 1137 (5th Cir. 1987).

Under § 636(e)(4), in any case in which a magistrate judge presides with the consent of the parties, he may exercise the civil contempt authority of the district court. In addition, one of the sanctions authorized by FED. R. CIV. P. 16(f), by reference to FED. R. CIV. P. 37, is dismissal. *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1518 (5th Cir. 1985). The rule merely makes explicit a discretionary power to control the expeditious disposition of docketed cases that appellate courts have long recognized to be an inherent attribute of federal district courts. *Id.* Furthermore, FED. R. CIV. P. 41(b) provides that for failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim.

An appeal from an involuntary dismissal with prejudice for failure to prosecute or to obey the orders and rules of the district court is reviewed for abuse of discretion. *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984). The magistrate judge granted defendants' motion to compel and ordered Wright to respond to written discovery requests within seven days and to submit to a deposition scheduled to take place within thirty days. In its order, the court warned Wright that failing to comply in any respect would put her at risk of immediately subjecting herself to the full panoply of rules 37(d) and 41(b).

Wright did not respond or oppose the motion, so defendants moved to dismiss on the ground that Wright had failed to comply with the order regarding discovery and had failed adequately to prosecute her case. The court found that Wright had lost interest in the

lawsuit.

Wright admits that she consented to the referral to a magistrate judge. Accordingly, her argument that the judge was without authority to dismiss her case with prejudice is without merit. Moreover, the court did not abuse its discretion by dismissing the case.

Wright erroneously cites *Eley v. Heckler*, 734 F.2d 724 (11th Cir. 1984), to challenge the magistrate judge's authority to dismiss. *Eley* states that a magistrate judge is restricted to making recommendations under 28 U.S.C. § 636(b)(1) when not vested with such decisionmaking power. *Id.* The case was distinguished in *United States v. Johnston*, 258 F.3d 361 (5th Cir. 2001), stating that Congress intended magistrate judges to exercise jurisdiction on consent of the parties. Specifically, Congress amended the Federal Magistrates Act in 1979 to include § 636(c) to improve access to the federal courts. *Id.*

In addition, Wright cites *United States v. First Nat'l Bank*, 628 F.2d 871 (5th Cir. 1980), to illustrate the potential limitations of a magistrate judge's power. That case, however, was a tax dispute concerning civil and criminal matters on which the district court properly had jurisdiction.

IV.

Wright urges that her counsel was responsible for the delay that resulted in the dismissal. The mistakes of counsel in civil litigation are chargeable to the client, however, irrespective of how unfair this may seem. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). Furthermore, parties have a duty to inquire periodically into the status of their litigation. *Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1201-1202 (5th Cir. 1993). If

we were to make an exception to the finality of judgment each time a hardship was visited on the unfortunate client of a negligent or inadvertent attorney, the meaningful finality of judgments would largely disappear. *Pryor*, 769 F.2d at 289.

We affirm a dismissal with prejudice for failure to prosecute when (1) there is a clear record of delay or disobedient conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or (3) the record shows that the district court employed lesser sanctions that proved to be futile. *Callip,* 757 F.2d at 519. Although Wright attempts to place the responsibility on her attorney, she is not without blame.

Specifically, her second counsel, Labovitz told the court that Wright had failed to respond to his attempted communication. Consequently, Labovitz submitted a motion to withdraw, to which Wright did not respond or object. In addition, Wright failed to cooperate in the discovery process, causing defendants irrefutable harm in failing to gather evidence. The record demonstrates that Wright therefore intentionally contributed to the delay that caused actual prejudice to the defendants. Accordingly, the magistrate judge did not abuse his discretion in dismissing the case with prejudice.

V.

As a *pro se* litigant, Wright should be accorded leniency if the dismissal was procedural and she has grounds for relief. *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982). Therefore, we will determine whether Wright has displayed grounds for a FED. R. CIV. P. 60(b)(1) motion.

4

Under rule 60(b)(1), a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." The extraordinary relief afforded by rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor*, 769 F.2d at 286. The decision to grant or deny rule 60(b) relief is within the sound discretion of the district court and will be reversed only for abuse of discretion. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2002).

Wright's situation is analogous to that of the plaintiff in *James v. Rice Univ.*, 80 Fed. Appx. 907 (5th Cir. 2003), *cert. denied*, 124 S. Ct. 2023 (2004). There, the title VII case was dismissed with prejudice because plaintiff's attorney had failed to comply with dates set out in the joint case management plan, failed to provide the required documents, and failed to appear for a scheduled conference. *Id.* at 909. Counsel had pleaded with the court that in addition to having three toddlers to care for, her mother had been stricken with serious health problems, causing her self-admitted errors. *Id.* Although this court found sympathy with counsel's plight, we held that the situation did not constitute the type of "unusual or unique circumstance" justifying rule 60(b) relief. *Id.* at 911.

Similarly, although we too find sympathy with the unfortunate circumstances with which Wright was faced, her situation does not justify rule 60(b) relief. Specifically, she admonishes that she was unduly prejudiced because her initial attorney was the subject of disciplinary action. Furthermore, she claims that her attorney was replaced by Labovitz without her permission. Wright contends that she was victimized by her initial attorney as well as by Labovitz. Yet, she admits that these arguments should have been raised in the district court.

Contrary to Wright's arguments, she had a duty to maintain control of her case at all times. She took no action to dispute Labovitz's claim of representation. In addition, she had a duty to reply to communications from Labowitz or to replace him. Consequently, this case is not one of unusual or unique circumstance deserving of relief under rule 60(b).

AFFIRMED.